IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RYAN FRANK BAUTISTA BONNEAU,

Plaintiff,

v.

CHRIS WARNER, in his official capacity as Interim Director of the Oregon Department of Transportation, and in his individual capacity; AMY JOYCE, in her official capacity as Administrator of Oregon Department of Motor Vehicles, and in her individual capacity; JIM DIEGEL, in his official capacity as Interim Superintendent of the Oregon State Hospital; JANE DOE, in her individual capacity as former Superintendent of the Oregon State Hospital; and STATE OF OREGON, acting by and through the Oregon Department of Motor Vehicles and the Oregon State Hospital,

Defendants.

Case No.: 3:26-cv-02325-AN

OPINION AND ORDER

Plaintiff Ryan Frank Bautista Bonneau, who is self-represented and thus proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983 against the defendants. On October 22, 2026, plaintiff filed a verified complaint; an application to proceed in forma pauperis ("IFP"), i.e., to proceed without paying filing fees; and a motion for temporary restraining order ("TRO") and preliminary injunction. For the reasons stated below, the Court DENIES plaintiff's IFP application and the complaint is DISMISSED with prejudice. Plaintiff's motion for TRO and preliminary injunction is DENIED as moot.

## LEGAL STANDARD

District courts are authorized by statute to permit a party to commence litigation "without prepayment of fees or security therefor" if that party submits an affidavit showing that, in light of the assets of that party, they are "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Section 1915 "applies to all persons notwithstanding" its references to incarcerated litigants. *Andrews v. Cervantes*,

493 F.3d 1047, 1051 n.1 (9th Cir. 2007) (citing *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005)). When determining what, if any, filing fee a plaintiff must pay, "'the court may consider the plaintiff's cash flow in the recent past, and the extent to which the plaintiff has depleted his savings on nonessentials.'" *Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 768 (9th Cir. 2023) (quoting *Alexander v. Carson Adult High Sch.*, 9 F.3d 1448, 1449 (9th Cir. 1993)).

In addition to permitting litigants to proceed without paying filing fees, section 1915 also requires a court to dismiss a complaint on its own accord, even before service of process, if it determines that the complaint is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc). First, a complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Second, a complaint fails to state a claim for relief if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). When this standard is not met, "section 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez*, 203 F.3d at 1127. Additionally, a court must dismiss a complaint on immunity grounds once it has "sufficient information to make a determination" that defendants are entitled to absolute or qualified immunity. *Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016).

In determining whether a *pro se* complaint lacks merit, courts must use "less stringent standards than" those used for "formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Further, "[u]nless it is absolutely clear that no amendment can cure the defect" an unrepresented litigant proceeding IFP is "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the

action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)).

Generally, motions for TROs and preliminary injunctions are subject to substantially the same factors. See *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A TRO or preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The movant must show (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Id.* at 20. In the Ninth Circuit, "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011).

## BACKGROUND

On October 22, 2026, plaintiff filed this action against defendants. Verified Compl., ECF 1. Plaintiff additionally filed an IFP application, ECF 2, and a motion for TRO and preliminary injunction, ECF 3. Plaintiff primarily alleges that defendants violated his civil rights by suspending his driver's license without notice or a hearing. Verified Compl. 2. Plaintiff alleges he was hospitalized at the Oregon State Hospital (OSH) in July 2024 and was issued a temporary paper copy of his replacement driver's license in mid-July. *Id.* at 5-6. Plaintiff alleges that on July 23, 2026, OSH sent a letter to the DMV which stated "Plaintiff should not be able to drive" without having evaluated plaintiff for this purpose. *Id.* at 7. Plaintiff alleges OSH had found him "mentally stable and fully 'ABLE' to aid and assist counsel in a criminal matter" and the DMV should have only been notified "if a patient's evaluations evidence a reason for emergency suspension." *Id.* at 5, 7. Plaintiff alleges he has yet to receive his reissued license. *Id.* at 7. Plaintiff further alleges because he did not receive notice, he was unable to request an expedited administrative review. *Id.* Plaintiff also alleges defendants refuse to reinstate his driving privileges unless he pays an $80 reinstatement fee, or OSH rescinds its letter. *Id.* at 8. Plaintiff alleges that without a driver's

license, his daily activities are restricted and he has been unable to secure employment, attend school, or access social media accounts. *Id.* at 9.

Based on these allegations, plaintiff brings claims for (1) violation of his right to procedural due process under 42 U.S.C. § 1983 and the Fourteenth Amendment against defendants Warner and Joyce in their official capacities; (2) violation of his right to substantive due process under 42 U.S.C. § 1983 and the Fourteenth Amendment against defendants Warner and Joyce in their official capacities; (3) violation of his right to equal protection under 42 U.S.C. § 1983 and the Fourteenth Amendment against defendants Warner, Joyce, and Diegel in their official capacities and defendant Doe in her individual capacity; (4) violation of his right to travel under 42 U.S.C. § 1983 and the First and Fourteenth Amendments against defendants Warner and Joyce in their official capacities; (5) violation of the American with Disabilities Act ("ADA") against the state of Oregon and defendants Warner, Joyce, and Diegel in their official capacities; (6) breach of contract against the state of Oregon; (7) a declaratory judgment under 28 U.S.C. §§ 2201-2202 invalidating the reinstatement fee against all defendants; (8) intentional infliction of emotional distress against the state of Oregon; and (9) negligent infliction of emotional distress against the state of Oregon. Verified Compl. 11-20.

## DISCUSSION

Prior to this action, plaintiff previously filed a similar action in this Court, No. 3:26-cv-00878-AN. Plaintiff filed the complaint in that case on April 30, 2026, against common defendants the state of Oregon and the Oregon Department of Motor Vehicles. Verified Compl., ECF 1, 3:26-cv-00878-AN. The Court subsequently granted plaintiff's IFP application and dismissed the complaint, partly with prejudice and partly without and with leave to amend. Opinion & Order of May 1, 2026, ECF 5, 3:26-cv-00878-AN. Plaintiff filed an amended complaint on July 20, 2026, along with a second motion for a TRO and preliminary injunction. First Amended Compl., ECF 9; Second Motion for TRO and Preliminary Injunction, ECF 10, 3:26-cv-00878-AN. The Court subsequently dismissed the first amended complaint without prejudice and without leave to amend and denied plaintiff's second motion for TRO and preliminary injunction as moot. Order of July 29, 2026, ECF 11, 3:26-cv-00878-AN. On August 14, 2026,

plaintiff appealed the Court's judgment dismissing the case without prejudice. Notice of Appeal, ECF 19, 3:26-cv-00878-AN. On August 17, 2026, plaintiff filed a motion for appointment of counsel and transcripts. Motion, ECF 18, 3:26-cv-00878-AN. The Court denied the motion on August 21, 2026 and informed plaintiff that any further motions should be directed to the Ninth Circuit. Order of August 21, 2026, ECF 20, 3:26-cv-00878-AN. Plaintiff's appeal is currently pending before the Ninth Circuit. *See* Ninth Circuit Case No. 26-6649.

Litigants may not re-file claims in a new action while an appeal is pending in another duplicative claim. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995), *superseded on other grounds by* 28 U.S.C. § 1915(e) ("There is no abuse of discretion where a district court dismisses ... a complaint 'that merely repeats pending or previously litigated claims.'" (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)); *see also Khouanmany v. Carvajal*, No. 20-cv02858-LHK, 2021 WL 2186218, at *7 (N.D. Cal. May 28, 2021) ("Although the … District Court dismissed petitioner's complaint without prejudice, petitioner may not re-file this claim in a new action while her appeal is still pending."); *Adesanya v. United States*, No. 15-cv-01379-KAW, 2015 WL 5961938, at *4 (N.D. Cal. Oct. 14, 2015) ("The claims in this action are duplicative of those currently before the Ninth Circuit .... Therefore, the amended complaint is dismissed.").

Here, although this case includes additional defendants in OSH and its leadership, and the Oregon Department of Transportation's Director, the underlying factual allegations and legal claims are largely identical in substance to the case pending before the Ninth Circuit. Because plaintiff seeks to pursue claims previously dismissed by this Court, his IFP application is denied and his complaint is dismissed with prejudice. *See White v. Phillips*, No. 1:24-CV-01301-MC, 2024 WL 4216544, at *1 (D. Or. Sept. 17, 2024) (denying IFP application and dismissing complaint with prejudice and without leave to amend where plaintiff sought to pursue claims previously dismissed).

## CONCLUSION

For the reasons stated herein, the Court DENIES plaintiff's application to proceed in forma pauperis, ECF 2. Plaintiff's verified complaint, ECF 1, is DISMISSED with prejudice. Plaintiff's motion

for TRO and preliminary injunction, ECF 3, is DENIED as moot. Judgment will follow.

IT IS SO ORDERED.

DATED this 18th day of November, 2026.

Adrienne Nelson
Adrienne Nelson
United States District Judge